b

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| **DARRELL EUGENE CLARK,** Plaintiff | **CIVIL DOCKET NO. 1:20-CV-01581** |
| **VERSUS** | **DISTRICT JUDGE JOSEPH** |
| **CITY OF ALEXANDRIA, ET AL.,** Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court are three Motions for Summary Judgment filed by Defendants (ECF Nos. 31, 42, 45) and a third Motion to Amend filed by Plaintiffs (ECF No. 52).

Defendants' Motion for Summary Judgment to dismiss Plaintiffs' claims pursuant to 18 U.S.C. § 1513 (ECF No. 31) should be DENIED AS MOOT.

Because Plaintiff Glenn Hall's ("Hall's) claims are barred by prescription, Defendants' Motion for Summary Judgment to dismiss Hall's claims (ECF No. 42) should be GRANTED.

Because Horn has failed to show racial discrimination or a hostile work environment, Defendants' Motion for Summary Judgment to dismiss Horn's claims (ECF No. 45) should be GRANTED.

And because Defendants have not demonstrated undue delay, dilatory motive, undue prejudice, or futility, Plaintiffs' third Motion to Amend/Correct Amended Complaint (ECF No. 52) should be GRANTED.

## I.  Background

### A.  Procedural Background

Clark filed a Complaint against the City of Alexandria ("the City"), Daryl Louis Terry ("Terry") (Commissioner of Public Safety for the City of Alexandria), and Jarrod Daniel King ("King') (Chief of the Alexandria Police Department ("APD")), alleging claims of racial discrimination pursuant to Title VII, § 1983, and La. R.S. 23:967 (the whistleblower statute).  ECF No. 1.  Clark was granted leave to file an Amended Complaint: (1) adding Reginald David Cooper, Cedric Linbert Green, Glenn Hall, Markiz Marta Hood, Tyrika Trenea Love, and Alton James Horn as Plaintiffs: (2) adding Patrick Ramon Vandyke and Christopher Louis Cooper as Defendants; and (3) adding new causes of action.  ECF Nos. 39, 40.  All Defendants, except the City, are sued in their individual capacities.  ECF No. 40.

Plaintiffs assert various claims for racial discrimination under 42 U.S.C. § 1983; retaliation under 18 U.S.C. § 1513; whistle-blower protection violations under La. R.S. 23:967; interception and disclosure of oral, wire, and electronic communications pursuant to 18 U.S.C. § 2511; under the Louisiana Commission on Human Rights Act ("LCHRA"), La. R.S. 51:2231; and for employment discrimination under La. R.S. 23:332 (Louisiana Employment Discrimination Law ("LEDL")).  ECF Nos. 39, 40.  Plaintiffs seek monetary damages (including punitive damages), attorney fees, and costs.

Defendants answered the Complaints.  ECF Nos. 6, 30.  Defendants then filed: (1) a Motion for Partial Summary Judgment on all claims brought pursuant to 18 U.S.C. § 1513 (ECF No. 31) that is opposed by Plaintiffs (ECF No. 34); (2) a Motion for Summary Judgment as to the claims of Glenn Hall ("Hall") (ECF No. 42) that is opposed by Plaintiffs (ECF No. 49); and (3) a Motion for Summary Judgment as to the claims of Alton James Horn ("Horn") (ECF No. 45) that is opposed by Plaintiffs (ECF No. 51).

Plaintiffs were granted leave to amend their Complaint to allege their retaliation claims under 42 U.S.C. § 1983, instead of under 18 U.S.C. § 1513.  ECF Nos. 33, 39.  Plaintiffs then filed a third Motion to Amend/Correct Amended Complaint (ECF No. 52) which is also opposed by Defendants (ECF No. 55).

## II.    Law and Analysis

### A.    Standards governing the Motion for Summary Judgment.

Under Rule 56 of the Federal Rules of Civil Procedure, a court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Paragraph (e) of Rule 56 also provides the following:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:
> (1) give an opportunity to properly support or address the fact;
> (2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
(4) issue any other appropriate order.[1]

"A genuine dispute of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *See Hefren v. McDermott, Inc.*, 820 F.3d 767, 771 (5th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). In deciding a motion for summary judgment, a court must construe all facts and draw all inferences in the light most favorable to the non-movant. *See Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). However, a mere scintilla of evidence is insufficient to defeat a motion for summary judgment. *See Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

## B. <u>Defendants' Motion for Partial Summary Judgment as to Plaintiffs' § 1513 retaliation claims should be denied as moot.</u>

Defendants argue that Plaintiffs' claims pursuant to 18 U.S.C. § 1513 should be dismissed because it is a criminal statute that does not provide a basis for a private cause of action.

Section 1513 is a criminal felony statute for acts of retaliation against a witness, victim, or informant. Section § 1513 does not provide for a private right of action. *See Jones v. Kpaq Industries L.L.C.,* 2016 WL 3580667, at *3 n. 37 (M.D. La.

---

[1] Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted unless the opposing party controverts those facts.

4

2016); *U.S. ex rel. Wuestenhoefer v. Jefferson,* 105 F. Supp. 3d 641, 680 (N.D. Miss. 2015); *see also Ali v. Shabazz,* 8 F.3d 22, at *1 (5th Cir. 1993).

Plaintiffs have conceded § 1513 was not the correct statute under which to allege their retaliation claim (ECF No. 33), and have amended their complaint to allege retaliation pursuant to 42 U.S.C. § 1983 instead.  ECF No. 40 at 30.

Therefore, Defendants' Motion for Partial Summary Judgment (ECF No. 31) as to Plaintiffs' 18 U.S.C. § 1513 claim should be DENIED AS MOOT.

### C.   <u>Defendants' Motion for Summary Judgment on Glenn Hall's claims should be granted.</u>

Defendants argue that the claims of Plaintiff Glenn Hall should be dismissed. Hall asserts claims under Title VII, 42 U.S.C. § 1981, 42 U.S.C. § 1983, La. R.S. 23:332 (LEDL), and La. R.S. 51:2231 (LCHRA).

In the Second Amended Complaint, Hall contends he is African-American, was employed by the APD for more than 18 years, and was "discriminatorily terminated" on "false charges of political activity because of his race."  ECF No. 40 at 5, ¶ 8.  Hall also contends the acts against him were part of the "APD hostile work environment engendered by a long and continuing pattern and practice of racial discrimination." ECF No. 40 at 5, ¶ 8.  Hall contends he was terminated after Neil Carter (a polygrapher frequently used by the APD) used photographs of Hall, without Hall's permission, in campaign advertising by a candidate for City Marshal.

Defendants contend that Hall was terminated from the APD effective as of July 16, 2018 at 6:00 pm. Defendants contend that Hall was terminated for improperly engaging in political activity and for not telling the truth during a polygraph examination, and that Hall's race was not a reason for his termination.

### 1. <u>Hall's Title VII claim has already been denied.</u>

This Court has already found that Glenn Hall did not exhaust his administrative remedies for filing a Title VII claim and denied his Motion to Amend to add a Title VII claim. ECF No. 19 at 19; No. 21. Therefore, Defendants' Motion for Summary Judgment on this issue should be DENIED AS MOOT.

### 2. <u>Hall's § 1983, LEDL, and LCHRA claims are barred by the statutes of limitations.</u>

Defendants contend that Hall's § 1983, LEDL, and LCHRA claims are untimely.

There is no statute of limitations in 42 U.S.C. § 1983.[2] For these claims, a federal court generally must apply the state law statute of limitations that would govern an analogous state law cause of action. *See Mitchell v. Crescent River Port Pilots Association*, 265 Fed. Appx. 363, 367 (5th Cir. 2008) (*citing Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660 (1987)). Under this rule, a court would apply Louisiana's one-year prescriptive period for torts. *See Mitchell*, 265 Fed. Appx. at 367 (*citing* La.

---

[2] Plaintiffs already conceded (ECF No. 14) that § 1983, rather than § 1983, applies to their claims.

C.C. art. 3492). Where the plaintiff's complaint on its face reveals that prescription has run, "the burden is on the plaintiff to show why the claim has not prescribed." *Knighten v. Cave & McKay*, 32 F.3d 566, at *2 (5th Cir. 1994), cert. den., 513 U.S. 1080 (1995).

Louisiana's anti-discrimination statutory provisions are governed by the one-year prescriptive period under La. R.S. 23:303(D). *See Casey v. Livingston Parish Communications District,* 2009 WL 577756, at *5 (5th Cir. 2009). Therefore, any claim prescribed under § 1983 would also be prescribed under the LEDL, La. R.S. 23:332. *See Butler v. Orleans Parish School Board,* 2001 WL 1135616, at *4 (E.D. La. 2001). The LCHRA is also governed by a one-year prescriptive period, pursuant to La. C.C. art. 3492. *See King v. Phelps Dunbar, L.L.P.,* 98-C-1805 (La. 6/4/99), 743 So. 2d 181, 187 (citing *Williams v. Conoco, Inc.,* 860 F.2d 1306 (5th Cir. 1988)); *Roper v. Exxon Corp.,* 27 F. Supp. 2d 679, 684 (E.D. La. 1998), aff'd, 198 F.3d 242 (5th Cir. 1999).

Hall alleges in the Complaint that he was "discriminatorily terminated" on July 18, 2020. ECF No. 40 at 5, ¶ 8. However, Defendants attached a Letter of Discipline sent to Hall and dated June 28, 2018 that terminated his employment effective July 16, 2018 at 6:00 p.m.[3] ECF No. 42-4. Hall filed a Civil Service Appeal

---

[3] Defendants' statement of undisputed facts (ECF No. 42-2) and an affidavit from Alexandria Police Chief Ronney L. Howard (ECF No. 42-3) also show that Hall's termination was effective at 6 p.m. on July 18, 2020. ECF No. 42.

on November 8, 2018.  ECF No. 42-5.  The state court affirmed the ruling of the Civil Service Board (ECF No. 42-7), and that judgment was upheld on appeal (ECF No. 42-9).

Hall filed this action on December 7, 2020.  Defendants argue that Hall's state law claims are prescribed because he was terminated more than one year before he filed this action.

The prescriptive period for discrete acts begins to run on the day the act occurred.  *See Krull v. Centurytel, Inc.*, 829 F. Supp. 2d 474, 478 (W.D. La. 2011) *National Railroad Passenger Corp. v. Morgan,* 536 U.S. 101, 110 (2002) ("A discrete retaliatory or discriminatory act "occurred" on the day that it 'happened.'").  Thus, the prescriptive period for Hall's termination ran from the date of his termination.[4]

Hall again argues the hostile work environment claims asserted by himself and his co-Plaintiffs apply collectively to suspend the statute of limitations for them all under the continuing violation theory.  Hall compares his application of the continuing violation theory to a criminal conspiracy, wherein all conspirators are

---

[4] The Fifth Circuit has made clear that the filing of an EEOC charge "does not toll, interrupt, or suspend prescription with regard to a plaintiff's state law claims."  *See Lefort v. Lafourche Parish Fire Protection District No. 3,* 39 F.Supp.3d 820, 826 (E.D. La. 2014); *see also Rivera v. Louisiana,* 2006 WL 901826, at *6 (E.D. La. 2006); *Fussell v. Bellsouth Commc'ns, Inc.,* 1998 WL 12229, at *2 (E.D. La. 1998) (citing *Taylor v. Bunge Corp.,* 775 F.2d 617 (5th Cir. 1985)).  "[F]ederal administrative claims filed with the Equal Opportunity Employment Commission (EEOC), as required by Title VII, 42 U.S.C. § 2000e–5(f), do not interrupt prescription for state law claims."  *Drury v. U.S. Army Corps of Engineers*, 359 F.3d 366, 368 (5th Cir. 2004).

responsible for the acts of their co-conspirators that were taken in furtherance of the object of the conspiracy. *See* 18 U.S.C. § 371. But Hall acknowledges this Court has already found that neither federal nor Louisiana state case law support suspension of the statute of limitation through application of the continuing violation theory, collectively, for the separate acts asserted by co-plaintiffs who are also claiming a hostile work environment. ECF No. 49 at 3.

Moreover, even if the Court were to so apply the continuing violation theory collectively amongst Hall and his co-plaintiffs, they would not prevail in this case. "A charge alleging a hostile work environment claim will not be time barred so long as all acts which constitute the claim are part of the *same unlawful employment practice* and at least one act falls within the time period." *National Railroad Passenger Corp.*, 536 U.S. at 122 (emphasis added). Hall and his co-plaintiffs have each alleged different acts, or employment practices, of alleged racial discrimination. Hall's co-plaintiffs have not, like him, alleged they were falsely accused of engaging in prohibited political activity and terminated for it. Because their individual assertions do not allege the "same unlawful employment practice," they could not, collectively, demonstrate a hostile work environment (for Hall) that suspends the limitation period.

Because Hall's LEDL, LCHRA, and § 1983 claims relating to his termination were filed more than one year after his termination, they are untimely. Therefore,

Defendants' Motion for Summary Judgment (ECF No. 42) should be granted as to these claims, also.

> ### D.    Defendants' Motion for Summary Judgment as to Horn's claims should be granted.

Defendants contend that Horn cannot show he was subjected to racial discrimination.

Horn asserts that he is an African-American who was employed by the APD for more than 23 years.  Horn asserts that, while employed by the APD in 2020, he was assigned to the Detective Division as supervisor of the Juvenile Section.  Horn contends the Burglary and Homicide Sections of the Detective Division were composed solely of Caucasian officers, and the Juvenile Section was composed solely of African-American officers.[5]  ECF No. 40 at 5.  Horn contends this pattern of racial discrimination created a hostile work environment.  ECF No. 40 at 5.

 Horn further asserts that, when he called in sick on April 12, 2020, two Caucasian officers, Lt. Rachal (Assistant Supervisor of the Burglary Section) and Officer Branton, purposefully drove past his residence to see if he was "faking it."[6] Horn also alleges he was passed over for being offered a new vehicle due to his race.

---

[5] Horn admits the Supervisor of the entire Detective Division was Captain Darrell Jones, an African-American.  ECF No. 40 at 24, ¶ 61.

[6] Horn contends Rachal admitted this when he called him.  When Horn accused Rachal of "only associating with the Caucasian officers," Rachal responded: "What more do you want? You already have a black Captain leading the Detective Division."  ECF No. 40 at 24-25, ¶ 61.

Despite Horn's seniority, Rachal assigned the new vehicle to a Caucasian sergeant with less seniority.  ECF No. 40 at 25, ¶ 62.  Horn contends that Rachal's subsequent termination for using a racial slur against an African-American officer is proof of the hostile work environment at APD.

Horn seeks relief under 42 U.S.C. §§ 1981 and 1983, La. R.S. 23:332 (LEDL), La. R.S. 51:2231 (LCHRA), and Title VII.

1.     <u>Defendants' Motion for summary judgment on Horn's § 1981 claim should be denied as moot.</u>

Defendants argue that Horn's claims under § 1981 (equal rights under the law) should be dismissed because they were not allowed by the Judgment and Order granting Plaintiff Clark leave to amend his original Complaint.

The Court noted previously (ECF No. 19 at 25, n.8) that, although Clark cited § 1981 in his original and first Amended Complaints, he conceded in his brief (ECF No. 14) that § 1983 applies to his claims.   The law is well-settled that § 1983 (civil action for deprivation of rights) provides the only federal damages remedy against local government actors for violations of § 1981.  *See Escamilla v. Elliot*, 816 Fed. Appx. 919, 924 (5th Cir. 2020).

Because Horn's § 1981 equal protection claim in the Amended Complaint is brought under § 1983, and is not asserted separately from § 1983, Defendants' Motion for Summary Judgment as to Horn's § 1981 claim should be denied as moot.

### 2.    There are no genuine issues of material fact that preclude a summary judgment on Horn's § 1983 claims for racial discrimination.

Horn contends he was racially discriminated against by Defendants when he was passed over for a new police vehicle, and when two officers (co-workers) rode by his house once when he called in sick, to see whether he was "faking it."

Whether seeking to impose liability against a municipality or an individual officer, a § 1983 plaintiff must first allege that he has been deprived of a right secured by the United States Constitution or federal law.[7] *See Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004).

Employment discrimination claims brought under §§ 1981 and 1983 "are analyzed under the evidentiary framework applicable to claims arising under Title VII of the Civil Rights Act of 1964." *Lawrence v. University of Texas Medical Branch at Galveston*, 163 F.3d 309, 311 (5th Cir. 1999); *see also Caldwell v. Lozano,* 689 Fed. Appx. 315, 321 (5th Cir. 2017); *Jackson v. Watkins*, 619 F.3d 463, 466 (5th Cir. 2010). Under that framework, a plaintiff must first establish a *prima facie* case of discrimination. *See id.* He can do so by bringing forth evidence of the following:

(1) that he is a member of a protected class;
(2) that he was qualified for the position;
(3) that he was subject to an adverse employment action; and
(4) that he was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably.

---

[7] Hall seeks to impose liability on both the City and APD officers.

*Bryan v. McKinsey & Co., Inc.*, 375 F.3d 358, 360 (5th Cir. 2004); *see also see also Caldwell,* 689 Fed. Appx. at, 321; *Giles v. City of Dallas*, 539 Fed. Appx. 537, 543 (5th Cir. 2013).[8]

Additionally, a plaintiff seeking to impose liability on a municipality under § 1983 is required to identify a municipal "policy" or "custom" that caused the plaintiff's injury. Locating a "policy" ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality. *See Board of County Commissioners of Bryan County v. Brown,* 520 U.S. 397, 403-404 (1997);[9] *see also Odeh v. City of Baton Rouge/parish of East Baton Rouge,* 731 Fed. Appx. 288, 291 (5th Cir. 2018) ("To show the City-Parish is liable under section 1983, Odeh must

---

[8] Additionally, a plaintiff must prove the unequal treatment stemmed from a discriminatory intent. *See Fennell v. Mario Independent School District*, 804 F.3d 398, 412 (5th Cir. 2015) (*quoting Priester v. Lowndes County,* 354 F.3d 414, 424 (5th Cir.2004), cert. den., 543 U.S. 829 (2004), and *Taylor v. Johnson,* 257 F.3d 470, 473 (5th Cir. 2001)). "To establish discriminatory intent, a plaintiff must show that the decision maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effect on an identifiable group." *Id.* (quoting *Priester,* 354 F.3d at 420, and *Taylor,* 257 F.3d at 473). "Allegations [of discriminatory intent] that are merely conclusory, without reference to specific facts, will not suffice." *Id.*

[9] The official policy requirement may be met in at least three different ways: (1) when the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy; (2) where no official policy was announced or promulgated but the action of the policymaker itself violated a constitutional right; and (3) even when the policymaker fails to act affirmatively at all, if the need to take some action to control the agents of the local governmental entity is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 471 (5th Cir. 1999).

prove that (1) an official policy (2) promulgated by Baton Rouge (3) was the moving force behind the violation of a federal right.").

Horn must show he was subjected to an adverse employment action. "For Title VII and § 1981 discrimination claims, [the United States Fifth Circuit Court of Appeal has] held that adverse employment actions consist of 'ultimate employment decisions' such as hiring, firing, demoting, promoting, granting leave, and compensating." *Thompson v. City of Waco*, Texas, 764 F.3d 500, 503 (5th Cir. 2014); *see also Daniel v. Board of Supervisors for Louisiana State University Agricultural and Mechanical College,* 2022 WL 1055578, at *5 (5th Cir. 2022); *Caldwell*, 689 Fed. Appx. at 319 (adverse employment actions for the purposes of § 1983 can include discharges, demotions, refusals to hire, refusals to promote, reprimands, and a transfer that serves as a demotion). Although Horn contends he was passed over to receive a new vehicle to replace his older police vehicle, that does not rise to the level necessary to state an adverse employment action for a § 1983 claim because it is not an ultimate employment decision. Nor does a claim that Horn was "checked on" when he called in sick constitute an adverse employment action for purposes of § 1983 (and § 1981).

Because Horn has not shown he was subjected to an adverse employment action, there are no genuine issues of material fact that would preclude a summary judgment. Defendants' Motion for Summary Judgment (ECF No. 45) as to Horn's § 1983 claim for racial discrimination should be granted.

3.     **There are no genuine issues of material fact that preclude a summary judgment on Horn's § 1983 claims for a hostile work environment.**

Horn also contends Defendants subjected him to a hostile work environment. The Equal Protection Clause protects against a racially hostile work environment. *See Johnson v. Halstead*, 916 F.3d 410, 417 (5th Cir. 2019) (evaluating a § 1983 claim for a racially hostile work environment).  The elements of a hostile work environment claim are: (1) racially discriminatory intimidation, ridicule, and insults that are, (2) sufficiently severe or pervasive that they, (3) alter the conditions of employment, and (4) create an abusive working environment.  *See Harris v. Forklift Systems*, 510 U.S. 17, 21 (1993); *see also Stewart v. Mississippi Transportation Commission*, 586 F.3d 321, 328 (5th Cir. 2009).  In determining whether a working environment is hostile or abusive, all circumstances must be considered, including: the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.  *See Harris,* 510 U.S. at 21-22.  A plaintiff must show that the discriminatory conduct was severe or pervasive enough to create an objectively hostile or abusive work environment.  *See id.*

Horn has alleged that he was passed over for a new vehicle, that he was checked on when he had a sick day, and that Lt. Rachal's employment was terminated because he used a racial slur against an African-American officer.[10]

Horn alleges two isolated, unrelated incidents that were directed at him, and one incident that was directed at another person. Because the two incidents directed at Horn did not constitute racial discrimination, Horn has failed to demonstrate sufficiently severe and pervasive acts of discrimination to create an abusive and hostile working environment. Moreover, the fact that Lt. Rachal's employment was terminated because he used a racial slur against a fellow officer tends to show that Horn did not work in an environment where racial discrimination was tolerated.

Horn further argues that the assertions of his co-Plaintiffs, together taken with his, support his claim of a hostile work environment under a "continuing violation theory." That argument is inapplicable to Horn because the continuing violation theory is used to suspend the limitation period, and Horn's claims are not barred by the statute of limitation. *See National Railroad Passenger Corp.*, 536 U.S. at 122. To the extent that Horn is attempting to use his co-plaintiff's claims to demonstrate that he was subjected to a hostile work environment, Horn has failed to show that he was

---

[10] Horn also contends that the APD Detective Division was racially divided between its two units, but admits an African-American was the head of the entire Detective Division. This assertion does not tend to support a claim of racial discrimination.

aware of the alleged discriminatory actions that were directed at his co-plaintiffs and that they affected his ability to work.

Because Horn has not shown he was subjected to a hostile work environment due to racial discrimination, there are no genuine issues of material fact that would preclude a summary judgment. Defendants' Motion for Summary Judgment (ECF No. 45) should be granted as to this claim.

4.    **There are no genuine issues of material fact that preclude a summary judgment as to Horn's LEDL claims.**

The Louisiana Employment Discrimination Law, La. R.S. 23:301 ("LEDL") prohibits an employer from discriminating against an individual based on his race, color, religion, sex, age, or national origin. The scope of the LEDL is the same as Title VII, and therefore, claims under the LEDL are analyzed under the Title VII framework and jurisprudential precedent. *See DeCorte v. Jordan*, 497 F.3d 433, 437 (5th Cir. 2007).

Claims under the LEDL are subject to the same analysis of discrimination claims under federal Title VII of the Civil Rights Act of 1964. *See Knapper v. Hibernia National Bank*, 2009-1036 (La. App. 4 Cir. 9/8/10), 49 So.3d 898, 902 n. 11; *see also Turner v. Kansas City Southern Railway Co.*, 675 F.3d 887, 891 at n. 2 (5th Cir. 2012). To sufficiently plead a racial discrimination claim under Title VII, a plaintiff must allege that (1) he was a member of a protected class, (2) he was qualified for his respective position, (3) he suffered an adverse employment action, and (4) he

was replaced by someone outside of the protected class or was treated less favorably than other similarly situated employees outside of the protected group. *See Paske v. Fitzgerald*, 785 F.3d 977, 985 (5th Cir. 2015); *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). And, as above, "adverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *See McCoy*, 492 F.3d at 559.

As above, Horn's claim that he was passed over to receive a new vehicle to replace his older police vehicle does not constitute an adverse employment action for purposes of the LEDL. Horn's claim that he was checked on by co-workers when he called in sick likewise does not constitute an adverse employment action–Horn does not contend that his supervisor asked his co-workers to check on him, nor does he assert any adverse consequence to his job from his co-workers' apparently unauthorized activity.

Moreover, Horn admits in his brief that he has not comply with the procedural requirements for asserting a claim under the LEDL. ECF No. 51 at 17.

Because Horn has not stated a viable claim under the LDEL, Defendants' Motion for Summary Judgment should be granted as to those claims.

5.    **There are no genuine issues of material fact that preclude a summary judgment as to Horn's LCHRA claim.**

Horn also asserts his racial discrimination claims pursuant to the LCHRA. La. R.S. 51:2231, *et seq.*, provides for the execution of federal anti-discrimination laws in

the State of Louisiana and creates the Louisiana Commission on Human Rights.  The Commission has the power to adjudicate claims of employment discrimination pursuant to La. R.S. 51:2231(C) and 51:2257.  *See King*, 743 So.2d at 187.

The stated purpose and intent of the LCHRA is to execute in Louisiana the policies embodied in the several federal civil rights acts.  La. R.S. 51:2231.  *See Clouse v. Boise Cascade Corp.*, 955 F. Supp. 670, 673 (W.D. La. 1997), *aff'd*, 131 F.3d 140 (5th Cir. 1997).  "A secondary purpose of the Act was to justify deferral of cases by the federal Equal Employment Opportunity Commission, U.S. Labor Department, and the U.S. Justice Department." *Id.* "The Act's enabling legislation clearly evinces an intent to adhere to parallel federal civil rights laws, as applied and interpreted by the branches of the federal government." *Id.*

Horn concedes that La. R.S. 51:2256 no longer applies to claims of unlawful employment discrimination that are incorporated in the LEDL, La. R.S. 23:301, *et seq. See Smith v. Parish of Washington,* 318 F. Supp. 2d 366, 373 (E.D. La. 2004); *see also Glover v. Smith,* 478 Fed. Appx. 236, 243 (5th Cir. 2012).  Since there are no genuine issues of material fact that preclude a summary judgment, Defendants' Motion for Summary Judgment should be granted as to Horn's LCHRA claims.

### 6.    Horn's Title VII claims have been dismissed.

Clark's first Motion to Amend was denied as to adding Horn's Title VII claims. ECF No. 19, 21.  Therefore, Defendants' Motion for Summary Judgment as to Horn's Title VII claims should be granted.

19

E.    <u>Plaintiffs' Motion to Amend/Correct Amended Complaint</u> <u>should be granted.</u>

Plaintiffs filed a third Motion to Amend/Correct Amended Complaint (ECF No. 52), seeking to "rectify the errors contained in the Second Amended Complaint with regard to violation of 18 U.S.C. § 2511." ECF No. 52. Plaintiffs' amendment is intended to clarify that the § 2511 claims asserted in Paragraphs 93 through 98 pertain to oral communications only and remove the references to electronic and wire communications in paragraphs 94-96 (thus removing those paragraphs).

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). Determining when justice requires permission to amend rests within the discretion of the trial court.[11] *See Bisby v. Garza*, 2008 WL 465320, at *1 (S.D. Tex. 2008) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971); *Nilsen v. City of Moss Point, Miss.,* 621 F.2d 117, 122 (5th Cir.1980)). In exercising its discretion in considering a motion to amend a complaint, the district court may consider, among other factors, undue delay, dilatory motive on the part of the movant, and undue prejudice to the opposing party by allowing the amendment. *See Bisby*, 2008 WL 465320, at *1 (citing *Daves v. Payless Cashways, Inc.,* 661 F.2d 1022, 1024 (5th Cir. 1981)).

---

[11] A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. *See Aguilar v. Texas Department of Criminal Justice*, 160 F.3d 1052, 1053 (5th Cir. 1998) (citing Fed. R. Civ. P. 15(a).

It is within the district court's discretion to deny a motion to amend if it is futile. *See Stripling v. Jordan Production Co., L.L.C.,* 234 F.3d 863, 872-73 (5th Cir. 2000). A proposed amended complaint is "futile" if it fails to state a claim upon which relief can be granted. *See id.* at 873. Therefore, the issue is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the proposed amended complaint states any valid claim for relief. *See id.* at 873.

Defendants object to the amendment, contending that, because only a few paragraphs are being amended, they should not have to answer the entire complaint again. Defendants do not assert or show that Plaintiffs' amendment will cause undue delay, dilatory motive, undue prejudice, or futility.

Because Plaintiffs' amendment is solely to remove references to a portion of § 2511 that is not at issue in this case, Plaintiffs Motion to Amend/Correct Amended Complaint (ECF No. 52) should be granted.

## III.  <u>Conclusion</u>

Based on the foregoing, IT IS RECOMMENDED that Defendants' Motion for Partial Summary Judgment as to Plaintiffs' claims pursuant to 18 U.S.C. § 1513 be GRANTED and that Plaintiffs' § 1513 claims be DENIED AND DISMISSED WITH PREJUDICE.

IT IS RECOMMENDED that Defendants' Motion for Summary Judgment (ECF No. 42) be GRANTED, and that Glenn Hall's claims be DENIED AND DISMISSED WITH PREJUDICE.

21

IT IS RECOMMENDED that Defendants' Motion for Summary Judgment (ECF No. 45) be GRANTED, and that Alton Horn's claims be DENIED AND DISMISSED WITH PREJUDICE.

IT IS RECOMMENDED that Plaintiffs' Motion to Amend/Correct Amended Complaint (ECF No. 52) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

22

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this ___9th___ day of December 2022.

Joseph H.L. Perez-Montes
United States Magistrate Judge